UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STUART PALLEY<br><br>　　　　　　　　　　Plaintiff,<br><br>　- against -<br><br>LIFTABLE MEDIA INC.<br><br>　　　　　　　　　　Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Stuart Palley ("Palley" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Liftable Media, Inc. ("Liftable") hereby alleges as follows:

### NATURE OF THE ACTION

1.　　　This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of super blooming flowers, owned and registered by Palley, a professional photographer. Accordingly, Palley seeks injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2.　　　This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant transacts business in New York.

4.      Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Palley is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 45 Harford Drive, Newport Beach, California 92660.

6.      Upon information and belief, Liftable is a corporation duly organized and existing under the laws of the State of the Arizona, with a place of business at 42104 North Venture Drive, Suite B-122, Anthem, Arizona 8508. At all times material hereto, Liftable has owned and operated the website: www.ConservativeTribune.com (the "Website").

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photograph**

7.      Palley photographed super blooming flowers in California (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.      Palley then licensed the Photograph to Mashable.com. On April 12, 2017, Mashable ran an article that featured the Photograph entitled *Selfie Stampede Destroying California's super bloom for the Likes*. Palley's name was featured in a credit identifying him as the photographer of the Photograph which is considered copyright management information. A true and correct copy of the article is attached hereto as Exhibit B.

9.      Palley is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 2-062-501.

**B.      Defendant's Infringing Activities**

11. Upon information and belief, on April 18, 2017 Liftable ran an article on the Website entitled *American Flower Bloom Can Be Seen from Space.* See https://conservativetribune.com/hidden-american-treasure-space/. The article prominently featured the Photograph on the Website. A true and correct copy of the article is attached hereto as Exhibit C.

12. Liftable did not license the Photograph from Plaintiff for its article, nor did Liftable have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST LIFTABLE)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Liftable infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the the Photograph on the Website. Liftable is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Liftable have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST LIFTABLE
## (17 U.S.C. § 1202)

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. When the Photograph was published in an article on Mashable.com, the article contained copyright management information under 17 U.S.C. § 1202(b).

22. Upon information and belief, in its article on the Website, Liftable copied the Photograph from the Mashable article and pasted it on the Website and intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

23. The conduct of Liftable violates 17 U.S.C. § 1202(b).

24. Upon information and belief, Liftable's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Liftable intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Liftable also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

26. As a result of the wrongful conduct of Liftable as alleged herein, Plaintiff is entitled to recover from Liftable the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Liftable because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27. Alternatively, Plaintiff may elect to recover from Liftable statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Liftable be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Claire be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That, with regard to the First Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or

      b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       September 27, 2017

                                        LIEBOWITZ LAW FIRM, PLLC

                                        By: <u>/s/Richard Liebowitz</u>
                                            Richard P. Liebowitz
                                        11 Sunrise Plaza, Suite 305
                                        Valley Stream, NY 11580
                                        Tel: (516) 233-1660

RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Stuart Palley*